# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC BEACH,

    **Plaintiff,**

    v.                                                                                      Case No. 12-CV-778

LVNV FUNDING LLC and
WELTMAN WEINBERG & REIS CO. LPA,

    **Defendants.**

## DECISION AND ORDER ON
## DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS

In this action, plaintiff, Eric Beach ("Beach"), filed a complaint against LVNV Funding LLC ("LVNV") and Weltman Weinberg & Reis Co. LPA ("WWR") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA").

Presently before the Court are the defendants' motions for judgment on the pleadings. (Docket # 30, 36.) The defendants argue that Beach's complaint fails to meet the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), by failing to allege facts sufficient to support any of Beach's claims against LVNV and WWR. (*See* LVNV's Br. in Support of Motion for Judgment on the Pleadings, Docket # 31; WWR's Br. in Support of Motion for Judgment on the Pleadings, Docket # 37.) The motions have been fully briefed. For the reasons that follow, the defendants' motions for judgment on the pleadings are granted in part and denied in part.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) is granted "only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (internal citations omitted). The moving party should be "clearly entitled to judgment." *Edmonds v. United States*, 148 F. Supp. 185, 186 (E.D. Wis. 1957). In order to succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. Further, the complaint must be construed in the manner most favorable to the nonmoving party. *Id.* (citing *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995)). Generally, and where the moving parties allege insufficiency of the complaint, a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is decided in the same manner as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d at 452. In determining if the complaint is sufficient, the court looks only to the pleadings, which include "the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

A complaint is sufficient under Fed. R. Civ. P. 8(a)(2) if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In *Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S.

at 678. The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. as 679.

## FACTS

In his three-count complaint, Beach alleges that the defendants, LVNV and WWR, violated both the FDCPA and the WCA. Specifically, in his first cause of action, Beach alleges that defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f. (Complaint, Docket # 1 at ¶ 13.) Beach also states that the defendants' violations of the FDCPA were "not limited to" the specific sections listed in the complaint. In his first pendent cause of action as it is titled in the complaint, Beach alleges that LVNV and WWR violated Wis. Stat. § 427.104(1)(f). Finally, in his second pendent cause of action, Beach alleges that the defendants violated Wis. Stat. § 427.104(1)(j).

Based on the complaint, the facts as pled are as follows: Eric Beach resides in Franklin, Wisconsin. LVNV is a business with its principle place of business in Greenville, South Carolina and

-3-

attempted to collect debts from Beach. Defendant WWR is a business with its principle place of business in Columbus, Ohio and attempted to collect debts from Beach.

On April 8, 2011, WWR sent Beach a letter claiming that he owed $3,531.12. (Complaint, Factual Background, Docket # 1 at ¶ 1.) On May 8, 2011, Beach sent a letter requesting validation of the debt to WWR. (*Id.* at ¶ 2.) WWR sent a response to Beach on September 19, 2011. (*Id.* at ¶ 3.) The response contained a cover letter, which named LVNV as WWR's client, stated that Beach owed $3,603.52, their file number was "WWR File no.: 9181310," and named the original creditor as Bank of America. (*Id.*) Three bank statements were also contained in WWR's response. (*Id.* at ¶ 4.) Two were from MidCountry Bank; one was from Bank of America. (*Id.*) The first of the statements, dated September of 2008, from MidCountry Bank stated that Beach had a "New Balance Total" of $3,058.52. (*Id.* at ¶ 5.) It also stated that his "Payment Due" was $677.60. (*Id.*) The second statement contained in WWR's response, dated October 2008 and also from MidCountry Bank, stated that Beach's balance total was $0.00 and that his "Payment Due" was $0.00. (*Id.* at ¶ 6.) The statement also contained a notation reading "CHARGE-OFF ADJUSTMENT." (*Id.*) The third and final statement, dated July 2009 and from Bank of America, referenced a balance of $0.00; the "Payment Due" was also $0.00. (*Id.* at ¶ 7.) The statement contained a notation reading "ZERO CURBL ON SOLD ACCOUNT." (*Id.*)

Beach avers that he "was confused as to why the last two statements sent to him state that he owed nothing." (*Id.* at ¶ 8.) Beach then sent another letter to WWR, dated October 2, 2011, "trying to have his debt validated." (*Id.* at ¶ 9.) Three days later, on October 5, 2011, Beach sent a letter to LVNV asking for further information. (*Id.* at ¶ 10.) Beach also avers that at the time he sent the letter to LVNV, his credit report had negative ratings as a result of the actions taken by LVNV and WWR. (*Id.* at ¶ 11.)

**DISCUSSION**

*1.  First Cause of Action: Violations of the FDCPA*

    1.1    Section 1692d

Beach alleges that the conduct of the defendants violated 15 U.S.C. § 1692d. Section 1692d generally prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." It also enumerates a non-exhaustive list of practices that are *per se* violations of this prohibition. Though the subsections contained in the section are not intended to "[limit] the general application" of the section, they are nonetheless useful in contextualizing the behavior prohibited by the section. *See, e.g., Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1518 (9th Cir. 1994) (Noonan, J., concurring in part and dissenting in part) (explaining that "normal rules of statutory construction require that the harassment or abuse condemned be of the same nature as the examples the statute supplies."). Additionally, Section 1692d claims do not require the plaintiff to provide evidence that a debt collector intended to harass, abuse, or oppress; rather, "[w]hat is determinative is whether 'the natural consequence' of" the collector's actions was to harass, oppress, or abuse." *Horkey v. J.V.D.B. & Assoc., Inc.*, 333 F.3d 769, 774 (7th Cir. 2003).

In this case, Beach's complaint does not allege any facts that support a claim that LVNV and WWR have violated Section 1692d. Beach's conclusory assertion that the defendants harassed him and repeatedly engaged him in a dispute without ever validating the debt is insufficient. Beach's complaint alleges that WWR had two contacts with him: the first letter sent on April 8, 2011 and the second letter sent in response to Beach's request on September 19, 2011. (Complaint, Factual Background, Docket # 1 at ¶¶ 1, 3.) Though Beach alleges that the bank statements contained in the September 19 response letter were confusing (*id.* at ¶ 8), the facts in the complaint do not rise to the

level of plausibility that LVNV and/or WWR engaged in "conduct the natural consequence of which is to harass, oppress, or abuse." Therefore, Beach's claim under Section 1692d is dismissed.

### 1.2 Section 1692e

Section 1692e generally prohibits a debt collector's "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." This section also specifies sixteen types of conduct that offends this prohibition. Whether a debt collector has violated Section 1692e is analyzed from the perspective of the "unsophisticated consumer." As explained in *Lox v. CDA, Ltd.*, "[t]he unsophisticated consumer may be 'uninformed, naive, [and] trusting,' but is not a dimwit, has 'rudimentary knowledge of the financial world,' and 'is capable of making basic logical deductions and inferences.'" 689 F.3d 818, 822 (7th Cir. 2012) (internal citations omitted). Further, this Circuit "treat[s] the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact." *Id.* (citing *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 503 (7th Cir. 1999)). Beach alleges both a general violation of Section 1692e and violations of specific subsections (5), (7), and (10). The Court addresses each in turn.

Subsection (5) of Section 1692e prohibits a debt collector from making a threat of action that cannot be legally taken or a threat of taking action that the debt collector has no intention of actually taking. This results in a violation of the FDCPA. Beach's complaint alleges that two of the three bank statements sent to him reflected a balance of $0.00—thus perhaps suggesting the debt collection was improper or unfounded. Other than this suggestion, there is nothing in the complaint or the exhibits to show that the defendant plausibly violated Subsection (5). This is insufficient to support a claim that LVNV or WWR violated Section 1692e(5). Thus, the allegation does not rise to the level of showing that it is "plausible" that LVNV or WWR violated Section 1692e(5). Therefore, the claim under Section 1692e(5) is also dismissed.

-6-

Section 1692e(7) prohibits the debt collector from falsely representing or implying "that the consumer committed any crime or other conduct in order to disgrace the consumer." Here, the only interactions Beach had with WWR were the two letters he received: the original collection letter and the one sent in response to his request for validation of his debt. Those two letters are attached to Beach's complaint as Exhibits 1 and 3, respectively. Neither of these letters reflect any representations or implications that could be construed as intended to disgrace him. Beach does not allege any other facts that suggest WWR or LVNV made representations or implications intended to disgrace him. *See, e.g.*, *Gillard v. Michalakos*, 365 Fed. Appx. 1, 2 (7th Cir. 2010) (finding that the debtor's complaint failed to state a claim under Section 1692e(7) where the debtor did not "allege that [the defendant] said or implied anything about her that was not true."). Therefore, the claim under Section 1692e(7) is also dismissed.

Subsection (10) of Section 1692e prohibits a debt collector from utilizing "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." It differs from the general provision in Section 1692e in that it does not include the term "misleading." Here, Beach's complaint references two letters and three bank statements. Though the complaint alleges that Beach was confused, it does not allege any false representations or deceptive means on the part of the defendants. Beach does not allege, for example, that the defendants made untrue statements. Accordingly, Beach does not allege sufficient facts to show false representation or deception under Section 1692e(10). Thus, Beach's claim under 1692e(10) is also dismissed.

Although Beach has not alleged sufficient facts as to the particular subsections listed in the complaint, the Court still must determine if Beach has sufficiently alleged a general Section 1692e claim. A violation of a particular subsection is not a prerequisite to a violation of Section 1692e as

the subsections constitute a non-exhaustive list of violations of Section 1692e. *See Ruth v. Triumph Partnerships*, 577 F.3d 790, 794 n.2 (7th Cir. 2009). The question, therefore, is "whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." *Turner v. J.V.D.B. & Assoc.*, 330 F.3d 991, 995 (7th Cir. 2003). The Seventh Circuit has explained that, "[a]s a general matter, we view the confusing nature of a . . . letter as a question of fact." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (internal citation omitted). A well-pleaded claim, however, can avoid "dismissal on a 12(b)(6) motion" or 12(c) motion. *Id.* (citing *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("We have cautioned that a court must tread carefully before holding that a letter is not confusing as a matter of law on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." (internal quotation marks omitted))). However, "dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Zemecki*, 679 F.3d at 636 (citing *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

Here, Beach's complaint alleges that he received a demand letter on April 28, 2011, which stated he owed $3,531.12. (Complaint, Factual Background, Docket # 1 ¶ 1.) On May 8, 2011, he sent a letter to WWR requesting validation of the debt. (*Id.* at ¶ 2.) When WWR responded to the verification request, it included three bank statements dated September 2008, October 2008, and July 2009. (*Id.* at ¶¶ 5-7.) The latter two of these statements showed a current balance of $0.00. (*Id.* at ¶¶ 6-7.) Beach alleges that the verification provided by WWR was confusing as two statements provided as verification of the debt indicated that he owed $0.00. Particularly, an October 2008 statement from MidCountry bank stated he owed $0.00 and contained a notation reading "CHARGE-OFF ADJUSTMENT." (*Id.* at ¶ 6.) A July 2009 statement from Bank of America also indicated that the

-8-

balance was $0.00 and contained a notation reading "ZERO CURBL ON SOLD ACCT." (*Id.* at ¶ 7.) Furthermore, the first two statements are from MidCountry Bank and reflect an account number ending in "4886." (Complaint, Docket # 1, Exhs. 4 and 5.) The third statement, however, is from Bank of America and reflects an account number that ends in "8378." (Complaint, Docket # 1, Exh. 6.) While the first two statements show a return address with the name "FIA Card Services" and the third statement contains the name "Bank of America," all three show the same return mailing address. (Complaint, Docket # 1, Exhs. 4, 5, and 6.)

These facts give rise to a plausible claim under Section 1692e that the letters and information sent to Beach are misleading or confusing. Though the defendants are correct that Beach's subjective confusion cannot be the basis of a Section 1692e claim, the complaint, and particularly the exhibits attached to and referenced in the complaint, state a plausible claim that an unsophisticated consumer could be confused by the letters and attachments. For example, even with the notations suggesting that the account may have been sold, the $0.00 balance in two of the statements could plausibly be misleading or confusing. Similarly, the two different account numbers could also be confusing or misleading to an unsophisticated consumer. These are compounded by the fact that the verification letter does not offer any explanation or details. It is therefore not "apparent . . . that not even a significant fraction of the population would be misled by it." Accordingly, Beach's general 1692e claim survives.

### 1.3 Section 1692f

Section 1692f states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Like Section 1692e, it also lists eight specific violations "without limiting the general application of the statute." And too as with a Section 1692e claim, a claim under Section 1692f is examined using the "unsophisticated consumer" standard. *Turner v.*

-9-

*J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 997 (7th Cir. 2003) ("The unsophisticated consumer test applies to § 1692f . . . ."). As noted by the Seventh Circuit, "[t]he phrase 'unfair or unconscionable' is as vague as they come," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). The question is whether Beach's complaint alleges facts to sufficient to rise to the level of plausibility that an unsophisticated consumer would consider the communications from WWR to be "unfair or unconscionable means" of collecting a debt.

In the present case, though the complaint alleges that two of the documents contained in WWR's verification letter showed balances of $0.00 and alleges confusion, it does not contain any allegations that WWR engaged in any practices that could be considered "unfair or unconscionable" by an unsophisticated consumer. This claim also fails and is therefore dismissed.

*2. First Pendent Cause of Action: Violation of the WCA*

Wis. Stat. § 427.104(1)(f), part of the WCA, prohibits a debt collector from "[disclosing] or threaten[ing] to disclose information concerning the existence of a debt known to be reasonably disputed by the customer without disclosing the fact that the customer disputes the debt." In his complaint, Beach alleges that his credit report had negative ratings at the time he sent a letter to LVNV on October 5, 2011. He also alleges that the "negative ratings were a direct result of the actions taken by LVNV and [WWR]." Furthermore, the May 8, 2011 letter to WWR shows that Beach does, in fact, dispute the debt. (Complaint, Exh. 2, Docket #1 at 9-10.) Even so, the complaint does not allege that the defendants failed to disclose that Beach disputed the debt, and Beach provides no exhibits that demonstrate this. Because Beach fails to allege the key element in this section of the WCA, this claim also fails and is dismissed.

In its motion for judgment on the pleadings, LVNV states that Beach's claim under Wis. Stat. § 427.104(1)(f) is "patently false" because between November of 2009 and November of 2011,

Beach's "debt was reported to the credit bureau as 'disputed.'" (Docket # 31 at 11.) LVNV cites the affidavit of Jean Paul Torres (Docket # 32) as the support for this assertion. In deciding a motion for judgment on the pleadings, however, the Court is limited to the pleadings, and Jean Paul Torres' affidavit was not part of the pleadings. The Court, therefore, did not consider this affidavit.

    *3.*       *Second Pendent Cause of Action: Violation of the WCA*

In Beach's final cause of action, he alleges that LVNV and WWR violated Subsection (1)(j) of Wis. Stat. § 427.104, which explains that a "debt collector may not . . . [c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." In his complaint, Beach alleges that two of the three bank statements sent to him as verification of his debt reflect an outstanding balance of $0.00. However, neither the complaint nor the exhibits attached to it provide sufficient facts to rise to the level of plausibility that LVNV and WWR knew or should have known that the right they tried to enforce did not exist. In fact, Beach alleges nothing that rises to the level of plausibility that the right did not exist. Therefore, Beach's claim under Wis. Stat. § 427.104(1)(j) is dismissed.

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motions for judgment on the pleadings (Docket # 30, 36) are **GRANTED IN PART AND DENIED IN PART**. The plaintiff's only remaining claim is his general claim under 15 U.S.C. § 1692e.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2013.

                                                BY THE COURT:

                                                *s/ Nancy Joseph*
                                                NANCY JOSEPH
                                                United States Magistrate Judge