# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC BEACH,**

    **Plaintiff,**

    v.                                           Case No. 12-CV-778

**LVLN FUNDING LLC and**
**WELTMAN WEINBERG & REIS Co. LPA,**

    **Defendants.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT LVNV'S MOTION FOR SUMMARY JUDGMENT

In this action, plaintiff, Eric Beach ("Beach"), filed a complaint against LVNV Funding LLC ("LVNV") and Weltman Weinberg & Reis Co. LPA ("WWR") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA"). On November 30, 2012, LVNV filed a motion for judgment on the pleadings or, alternatively, for summary judgment. (Docket # 32.) The plaintiff filed a motion for summary judgment on December 31, 2012. (Docket # 38.) For the reasons that follow, both defendant LVNV's and Beach's motions for summary judgment are denied.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute

does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc.,Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## PRELIMINARY MATTERS

*1.    Claims Considered in this Decision*

By separate order, the Court granted in part and denied in part the defendants' motions for judgment on the pleadings. Only Beach's general Section 1692e claim survived. Thus, the Court will only consider this claim in deciding the motions for summary judgment.

In his motion for summary judgment, Beach includes a claim under 15 U.S.C. § 1692g. This is not a claim or cause of action that he included in his complaint. Though his complaint includes language that his claims under the FDCPA are "not limited to" the sections he listed, and that his listed claims are "among others," the Court does not find this satisfactory to allow Beach to raise a

new claim. It did not provide notice to the defendants, which is the very least required by Fed. R. Civ. P. 8(a). This Court has already decided a motion for judgment on the pleadings without the benefit of Beach bringing up a claim under § 1692g. Therefore, Beach's claim under § 1692g is not considered. Similarly, though this Court will consider Beach's general claim under § 1692e, it will not consider his claim under § 1692e(2); the claim was not included in his complaint.

*2. LVNV's Liability*

In Beach's brief in support of his motion for summary judgment, which also serves as his response brief to the defendant's motions for judgment on the pleadings, he argues that LVNV is responsible for the acts of its agent, WWR. (*See* Docket # 39 at 5.) In their joint brief opposing Beach's motion for summary judgment, the defendants argue that Beach "has failed to plead any facts establishing that LVNV is responsible for the alleged acts of WWR" and point out that the case to which Beach cites is not binding on this Court as it is a Ninth Circuit decision. (Docket # 42 at 26.) The defendants, however, offer no case law to the contrary, nor any other citations supporting their position.

WWR does not dispute that LVNV was its client. However, LVNV states that it "lacks information and knowledge sufficient to admit or deny." (*See* Plainitff's Statement of Proposed Material Facts, Docket # 39 at 2, ¶ 4 *and* Defendant's Response to Plaintiff's Proposed Material Facts, Docket # 42 at 3.) Despite LVNV's assertion that it lacks the information or knowledge to confirm it was WWR's client, the original collection letter lists LVNV as WWR's client and states that "this law firm [WWR] has been retained to collect the outstanding balance due and owing on this account." (Complaint, Exh. 1, Docket # 1 at 7.) The verification letter also lists LVNV as WWR's client. (Complaint, Exh. 3, Docket # 1 at 11.) Furthermore, LVNV's claim that it does not

have the knowledge or information necessary to admit Beach's proposed finding of fact seems disingenuous considering the information provided in an affidavit attached to its brief in opposition to Beach's motion for summary judgment. In the "Second Affidavit of Jean Paul Torres," Mr. Torres avers that after LVNV acquired the account (Docket # 42-1 at ¶ 3), it assigned the account its own internal account number (*id.* at ¶ 5), and placed the account with WWR for collection (*id.* at ¶ 6). Mr. Torres also avers that LVNV confirmed with WWR that WWR was responsible for the account (*id.* at ¶ 7) and also that LVNV recalled the account from WWR (*id.* at ¶ 8). Thus, it is clear that after purchasing the account, LVNV hired or assigned WWR to collect the account.

As pointed out in *Schutz v. Arrow Financial Services, LLC*, "[m]any courts have recognized that a company may be held vicariously liable for the collection activities of attorneys working on its behalf." 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (providing list of cases where courts have held that a company is liable for the collection actions of its hired attorneys). To hold to the contrary would result in companies being able to hire attorneys in order to avoid compliance with the FDCPA. *See Martinez v. Albuquerque Collection Services, Inc.*, 867 F. Supp. 1495, 1502 (D.N.M. 1994) (citing to 17 Am.Jur.2d Consumer Protection § 200 (1990), which explains that a "debt collector is liable for its attorney's conduct because otherwise collector could evade FDCPA by hiring attorney to do what it could not do."). This same principle governed the decision in *Schutz*, as well, where the court found that a company was liable for the collection practices of "a second debt collector working as an agent of the first, regardless of whether that second debt collector is an attorney." *Schutz*, 465 F.Supp.2d at 876. The Court finds this reasoning persuasive; to find otherwise would result in companies shielding themselves from liability by hiring attorneys to avoid the requirements of the FDCPA. This is consistent with the purposes of the FDCPA, which are to "eliminate abusive debt collection

-4-

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers . . . ." 15 U.S.C. § 1692(e).

Based on the information provided thus far, this Court cannot make findings about the contractual relationship between LVNV and WWR. *Cf. Shutz*, 465 F.Supp.2d at 873-75, 877-78 (court is able to describe, in detail, the contractual relationship between the debt collection company and its agent and determine whether there is a principal-agent relationship in order to satisfy requirements of imposing vicarious liability). But given the facts before the Court, holding that LVNV is not liable for the actions of WWR in the event WWR did violate the FDCPA is inappropriate at this juncture.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

*1.     Undisputed Facts*

On April 28, 2011, the plaintiff received a demand letter from WWR, which stated Beach owed $3,531.12 on account number 364462069, for which Bank of America was the original lender. (Pl. Statement of Proposed Material Facts, Docket # 39 at ¶ 1.) Beach then sent a letter to WWR requesting a validation of the alleged debt (*id.* at ¶ 2), which requested specific information about the alleged debt, the original creditor, and asked for WWR's calculations in determining what Beach owed, among others (*id.* at ¶ 3). On September 19, 2011, WWR sent Beach a verification letter, which listed LVNV as its client, reported a balance of #3,603.52, stated its file number was "9181310," and listed the original creditor as Bank of America. (*Id.* at ¶ 4.) Included with the verification letter were three bank statements, two from MidCountry Bank and one from Bank of America. (*Id.* at ¶ 5.) The first statement, from MidCountry and dated September 2008, showed a

"New Balance Total" of $3,058.52, an account number of "5490 9989 0748 4886," with payment due of $677.60. (*Id.* at ¶ 6.) The second statement, also from MidCountry but dated October 2008, showed a "New Balance Total" of $0.00, an account number of "5490 9989 0748 4886," an annual percentage rate of 0.00%, and a payment due of $0.00. (*Id.* at ¶ 7.) The third and final statement, from Bank of America and dated July 2009, showed a "New Balance Total" of $0.00, an account number of "5490 9989 9737 8378," an annual percentage rate of 0.00%, and that the payment due was $0.00. (*Id.* at ¶ 8.)

The three bank statements contain differing "New Balance Totals," different interest rates, two different lenders, different payments due, and two different account numbers. (*Id.* at ¶ 10.) LVNV claims that it sent another validation letter, this time through Resurgent Capital Services L.P. on November 11, 2011. (*Id.* at ¶ 14.) This letter stated:

> The account was previously sold by Bank of America on or about 07-22-2009 and at that time the balance on this account was $3,058.52. As of the date of this communication, the account balance is $3,637.70. Because of interest, payments, credits, fees, and/or other permissible charges can continue to cause the account balance to vary from day to day, you should contact us at 1-886-464-1187 to determine the exact balance."

(*Id.* at 15.)

    *2.*    *Discussion*

        2.1    Section 1692e Claim

Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." When determining whether a debt collector has violated Section 1692e, the question is analyzed from the perspective of the "unsophisticated consumer." As explained in *Lox v. CDA, Ltd.*, "[t]he unsophisticated consumer may be 'uninformed, naive, [and] trusting,' but is not a dimwit, has 'rudimentary

-6-

Case 2:12-cv-00778-NJ   Filed 05/03/13   Page 6 of 11   Document 45

knowledge of the financial world,' and 'is capable of making basic logical deductions and inferences.'" 689 F.3d 818, 822 (7th Cir. 2012) (internal citations omitted). Further, this Circuit "treat[s] the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact." *Id.* (citing *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 503 (7th Cir. 1999)). The Seventh Circuit has determined that, "as an outgrowth of this practice, . . . there are three categories of § 1692e cases." *Id.* (citing *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009)). In the first category are cases where the language is "plainly and clearly not misleading," in which extrinsic evidence is not needed to show that the language is not confusing. *Id.* (citing *Ruth*, 577 F.3d at 800). The second category of cases are those in which the "letters . . . are plainly deceptive and misleading," and thus "do not require any extrinsic evidence in order for the plaintiff to be successful." *Id.* (citing *Ruth*, 577 F.3d at 801). The third category of cases are the cases where "the debt collection language . . . is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer." *Id.* (citing *Ruth*, 577 F.3d at 800). When cases fall into this category, the plaintiff must produce "extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.* (internal quotations omitted).

This Court, already having decided the motions for judgments on the pleadings, found Beach's Section 1692e claim does not fall within the first category of cases. That is, the letter is not "plainly and clearly not misleading." Thus, if the challenged statements fall within the second category of cases, summary judgment on this claim would be appropriate. Additionally, summary judgment is not appropriate if the challenged statements fall into the third category as further factual development is necessary for the plaintiff to prove his case.

Beach's complaint alleges that he received a demand letter on April 28, 2011, which stated he owed $3,531.12. (Complaint, Factual Background, Docket # 1 ¶ 1.) On May 8, 2011, he sent a letter to WWR requesting validation of the debt. (*Id.* at ¶ 2.) When WWR responded to the verification request, it included three bank statements dated September 2008, October 2008, and July 2009. (*Id.* at ¶¶ 5-7.) The latter two of these statements showed a current balance of $0.00. (*Id.* at ¶¶ 6-7.) Beach alleges that the verification provided by WWR was confusing as two statements provided as verification of the debt indicated that he owed $0.00. Particularly, an October 2008 statement from MidCountry bank stated he owed $0.00 and contained a notation reading "CHARGE-OFF ADJUSTMENT." (*Id.* at ¶ 6.) A July 2009 statement from Bank of America also indicated that the balance was $0.00 and contained a notation reading "ZERO CURBL ON SOLD ACCT." (*Id.* at ¶ 7.) Furthermore, the first two statements are from MidCountry Bank and reflect an account number ending in "4886." (Complaint, Docket # 1, Exhs. 4 and 5.) The third statement, however, is from Bank of America and reflects an account number that ends in "8378." (Complaint, Docket # 1, Exh. 6.) While the first two statements show a return address with the name "FIA Card Services" and the third statement contains the name "Bank of America," all three show the same return mailing address. (Complaint, Docket # 1, Exhs. 4, 5, and 6.)

These facts do not fall into the "plainly deceptive and misleading" category. *See, e.g.*, *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944 (7th Cir. 2004) (finding that the plaintiff was not required to provide extrinsic evidence because the court found the dunning letter in question facially confusing where the letter stated a balance and asked the consumer to remit payment but then also indicated that the consumer should call for her most current balance). Rather, there are several possible ways the information provided to Beach could be interpreted. For example, it is

Case 2:12-cv-00778-NJ   Filed 05/03/13   Page 8 of 11   Document 45

possible that an "unsophisticated consumer" would find the contradictions in the statements confusing. For another example, it is also possible that the same "unsophisticated consumer" would understand that the debt was sold. Thus, "in any but the clearest case," it "is open to the plaintiff . . . to present objective evidence of confusion [such as] the results of a consumer survey." *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572 (7th Cir. 2004). Therefore, summary judgment is not appropriate; it is not clear that a jury "could not find for the non-moving party." *Durkin*, 406 F.3d at 414 (internal citation omitted).

## DEFENDANT LVNV'S MOTION FOR SUMMARY JUDGMENT

When a party files for summary judgment pursuant to Federal Rule of Civil Procedure 56, the party must also comply with Local Rule 56 (E.D. Wis.). Along with its motion for summary judgment, L.R. 56 requires a party to file: a memorandum of law; a statement that sets forth any and all material facts to which the parties have stipulated; a statement of proposed material facts, which the moving party believes present no genuine issues and would entitled the moving party to judgment as a matter of law; and any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c). In this case, LVNV filed its motion for summary judgment as an alternative to its motion for judgment on the pleadings. (*See* Docket # 30.) Though LVNV did file an affidavit and corresponding exhibit (Docket # 32, 32-1), LVNV did not file the requisite statement of proposed material facts.

As explained in *Walridge v. American Hoestch Corp.*, it is within a court's discretion to decide "[w]hether to apply such a rule strictly or to overlook any transgression." 24 F.3d 918, 923 (7th Cir. 1994) (internal citation omitted) (affirming a district court's grant of summary judgment on the basis that the non-moving party failed to comply with the local rule's response requirements, even where

moving party did not take issue with the violation). The local rule is intended not only for the "benefit [of] the parties themselves . . . but . . . are of significantly greater benefit to the court, which does not have the advantage of the parties' familiarity with the record." *Id.* at 923-24 (citing *Florida E. Coast Ry. Co. v. CSX Transp., Inc.*, No. 91 C 7063, 1992 WL 137579, at *7 n. 2 (N.D. Ill. May 29, 1992).

Here, the plaintiff also filed a motion for summary judgment with proposed facts. And LVNV had an opportunity to respond to those proposed facts. Therefore, the Court will use the undisputed facts gleaned from Beach's proposed facts and LVNV's responses, also used in the decision on the plaintiff's motion for summary judgment, to decide LVNV's motion for summary judgment.

Using those facts, LVNV's motion for summary judgment must also be denied. As explained above, Beach's Section 1692e claim is not ripe for summary judgment. The challenged language is neither facially deceptive or misleading nor does the language fall within the clearly not misleading category. Instead, Beach must be given the opportunity to provide evidence that proves an "unsophisticated consumer" would find the verification information misleading, deceptive, or confusing. *See Lox*, 689 F.3d at 822 (internal citation omitted).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket # 38) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant LVNV's motion for summary judgment (Docket # 30) is **DENIED**.

The Clerk is directed to contact the parties to schedule a conference for further proceedings.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2013.

           BY THE COURT:

           *s/Nancy Joseph*
           NANCY JOSEPH
           United States Magistrate Judge