# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC BEACH,**

    **Plaintiff,**

  v.                                      **Case No. 12-CV-778**

**LVNV FUNDING, LLC and**
**WELTMAN WEINBERG & ROSS CO., LPA,**

    **Defendants.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

In this Fair Debt Collection Practices Act ("FDCPA") action, the plaintiff, Eric Beach ("Beach") has accepted an offer of judgment of $2,001.00 from defendants LVNV Funding LLC and Weltman Weinberg & Reis Co. LPA ("Defendants"). The offer of judgment allows Beach to receive reasonable attorney's fees which must be determined by the court if the parties are not able to reach an agreement. As the parties have failed to reach an agreement, Beach filed a motion for attorney's fees in the amount of $16,853.26. For the reasons stated in this decision, the motion is granted in part and denied in part.

    *1.*    *Legal Standard*

Under the FDCPA, a debt collector is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *see Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995). The starting point for determining reasonable attorney's fees is the lodestar method, which is calculated by multiplying the number of hours reasonably expended by the reasonable hour rate. *Pickett v. Sheridan Health Care Center*, 664 F.3d 632,

639 (7th Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S.424, 433 (1983)). There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks omitted); *Pickett*, 664 F.3d at 639. However, once the lodestar is determined, the court may adjust the fee upward or downward based on a variety of factors, the most important of which is the degree of success obtained. *Hensley*, 461 U.S. at 430, n.3, 436. The other factors to be considered as delineated by the Supreme Court are:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the plaintiff's attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Tolentino*, 45 F.3d at 652 (citing *Hensley*, 461 U.S. at 441). In sum, "[t]he standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). The fee applicant bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth "a good reason why a lower rate is essential." *Id.* (internal quotation and citations omitted).

   2.   *Application To This Case*

      2.1   Hourly Rate

Beach is requesting an hourly rate of $250.00. (*See* Docket # 55.) He has provided the United States Consumer Law Attorney Fee Survey for 2010-2011 ("Fee Survey") to show that his attorney's

- 2 -

hourly rate is below average for attorneys in the Midwest, even those with just one year of experience. (*Id.* at 11-12.) He also submitted an affidavit, in which the attorney avers that the plaintiff contracted to pay him $250.00 an hour. (*Id.* at 11; *see* Aff. of Anthony Baer, Docket # 55-1 at ¶¶ 10-12.) The defendants argue that Beach's reliance on the Fee Survey is misplaced and that Beach has not met his burden of proof that the requested hourly rate is reasonable. (Docket # 57 at 7-9.)

As Beach points out, several courts in this District have recognized the Fee Survey as a reliable resource in determining the reasonableness of an attorney's hourly rate, particularly in conjunction with consideration of counsel's experience. *See Moreland v. Dorsey Thornton & Assocs., LLC*, No. 10-CV-867, 2011 WL 1980282, *3 (E.D. Wis. May 20, 2011) (relying on counsel's website, which lists the attorney profiles, along with the United States Consumer Law Attorney Fee Survey in determining that the requested hourly rate was reasonable); *House v. Shapiro & Price*, No. 10-CV-842, 2011 WL 1219247 (E.D. Wis. Mar. 30, 2011) (same); *Suleski v. Bryant Lafayette & Assocs.*, No. 09-C-960, 2010 WL 1904968 (E.D. Wis. May 10, 2010) (same). According to the Fee Survey, the average attorney hourly rate in 2010-2011 for consumer attorneys in the Midwest with 11 to 15 years of experience was $430.00. (Docket # 56-3 at 26.) The average for consumer attorneys in the Midwest with less than one year experience was $275.00 an hour. (*Id.*) According to plaintiff's attorney, he has been practicing law in Wisconsin since 2002, and a "substantial amount" of his practice consists of consumer law. (Aff. of Anthony Baer, Docket # 56 at ¶ 9.) His normal rate of $250.00 an hour (*id.* at ¶ 10) falls well below the average for attorneys without even one year of experience. Therefore, in considering both the attorney's experience and the data from the Fee Survey, the requested rate of $250.00 an hour is reasonable.

- 3 -

### 2.2 Number of Hours

The defendants challenge the number of hours requested by plaintiff's counsel as unreasonable. Particularly, the defendants argue that the plaintiff should not receive fees, or the number of hours should be significantly reduced, for the time spent on unsuccessful motions—the motion for default, the motion to strike, the motion for summary judgment, and the motion to appoint an expert. (Docket # 57 at 9-13.) The defendants also argue that counsel's fee records are vague and nondescript (Docket # 57 at 13-14), that the plaintiff is requesting fees for administrative tasks (*id.* at 15-16), that several entries are duplicative (*id.* at 16-17), and that plaintiff should not receive fees for overhead costs (*id.* at 17). The plaintiff responds that because the work was reasonable at the time it was performed, the hours requested should not be reduced. (Docket # 55 at 5.) I will address each in turn.

As to the reasonableness of the hours expended on the motion for default and motion to strike, some background is necessary. Beach filed his complaint on July 20, 2012. (Docket # 1.) Upon service, affidavits of service were prepared by the process server stating that WWR was served on August 6, 2012 and LVNV was served on August 10, 2012. LVNV filed its answer on August 31, 2012, but WWR failed to file any responsive pleading within the 21-day deadline. WWR filed an answer on October 5, 2012. On October 8, 2012, Beach filed a motion to strike the late answer and a motion for entry of default. WWR filed a motion to extend the time to answer or, in the alternative, set aside default on October 15, 2012. I denied the plaintiff's motion to strike and denied as moot the motions for entry of default and entry of default judgment. (Docket # 27.) I concluded that WWR's failure to file a responsive pleading was excusable neglect due to confusion regarding a docket annotation regarding the format of the plaintiff's submitted summons and accepted the answer as timely filed. (*Id.*)

The defendants argue that because the plaintiff's motions were denied, and because counsel for WWR spoke with plaintiff's counsel, it was unreasonable for the plaintiff to file the motions. I disagree. Though the motions were denied (either outright or as moot), and though I found that WWR acted in good faith, it was not unreasonable—particularly given that WWR's answer was approximately 40 days late—for the plaintiff to file motions to strike and for default. Therefore, the fee award will not be reduced on this basis.

Turning to the reasonableness of the hours expended on the summary judgment, the defendants argue that the $6,416.00 fee total for plaintiff's counsel's work on the motion for summary judgment should be deducted from the fee award. Particularly, the defendants argue that time spent on summary judgement on "12/10/12, 12/19/12, 12/21/12, 12/24/12, 12/26/12-12/28/12, 12/31/12, 1/16/13-1/18/13, 1/22/13, 1/29/13, 1/31/13-2/1/13, and 2/4/13-2/5/13" should not be reimbursed. (Docket # 57 at 11.) The plaintiff counters that the work was reasonable at the time, and that he filed the motion for summary judgment to avoid further costly litigation and a trial.

Courts should not "engage in an ex post facto determination of whether attorney hours were necessary to the relief obtained." *White v. Marshall*, 771 F. Supp. 2d 952, 959 (E.D. Wis. 2011). Rather, the court should "determine whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id*. Indeed, only those hours "reasonably expended on the litigation" should be considered in the lodestar determination. *Hensley*, 461 U.S. at 433. Here, at the time Beach moved for summary judgment, no discovery had been completed. He relied solely on his complaint and his own affidavit in moving for summary judgment. More importantly, at the time, defendants' motion for judgment on the pleadings for failure to state a claim, in which the defendants had set forth contested facts, was pending. Given the posture of the

- 5 -

case, a reasonable attorney would not have expended the time on a motion for summary judgment. Indeed, I concluded that Beach failed to state a claim as to seven of the eight counts in his complaint. I, therefore, find that the hours spent on the motion for summary judgment were not reasonably expended and will deduct them from the total fee award. However, I have not deducted fees where the entry makes clear the plaintiff's attorney was working on responding to the defendants' motions for judgment on the pleadings. Therefore, I have deducted $2,803.50[1] from the fee award where the entries make clear that the plaintiff's attorney was working on the summary judgment motion.

There is another problem with the fees requested for time expended on summary judgment. In some of the entries, Beach listed multiple tasks—what is sometimes referred to as "block billing." In those instances, it is unclear whether the time billed was for work on the response to the motion for judgment on the pleadings or on the moving or reply brief for summary judgment or on other work altogether. A court must be able to determine whether the requested fees are reasonable. In similar circumstances, courts in this circuit have reduced fees where ledger entries do not allow for this type of analysis. *See Moore v. Midland Credit Management, Inc.*, No. 3:12-CV-166-TLS, 2012 WL 6217597, *14 (N.D. Ind. Dec. 12, 2012) (citing *Cooper v. Verifications, Inc.*, No. 1:04-CV-385-TS, 2008 WL 5332190, *12 (N.D. Ind. Dec. 18, 2008) (explaining that the court has reduced attorney's fees where "block billing and vague descriptions have left this Court unable to discern whether the amount of time spent on each individual task was reasonable"). Accordingly, those fees will also be

---

[1] In particular, I have deducted the following entries from the fee award: December 19, 2012 (first entry); December 21, 2012; December 27, 2012 (first entry); December 31, 2012 (both entries); January 16, 2012 (second and third entries); January 18, 2013; January 22, 2013; January 29, 2013; January 30, 2013; January 31, 2013 (both entries); February 1, 2013; and February 5, 2013 (fourth entry).

deducted from the requested fee award. In sum, I will deduct $3,887.50[2] for entries contested by the defendants that contain multiple tasks.

Other entries containing multiple tasks will also be deducted. These multiple task entries are: July 27, 2012 (first entry); October 2, 2012 (second entry); October 3, 2012 (second entry); October 4, 2012 (second entry); October 5, 2012 (third entry); October 8, 2012 (second entry); November 21, 2012 (fourth entry); January 14, 2013 (second entry); January 15, 2013 (first entry); May 22, 2013 (both entries); May 29, 2013; May 31, 2013 (second entry); June 13, 2013; June 14, 2013; June 19, 2013 (second entry); June 24, 2013 (second and fourth entries); June 26, 2013; July 5, 2013; July 9, 2013 (third entry); July 16, 2013 (second entry); and July 25, 2013 (first entry). Without clear delineation, I am not able to determine whether the amount of time expended on a particular task is reasonable. A total of $3,347.50 will be deducted from the final fee award.

With respect to Beach's motion for appointment of expert, which was denied, the defendants argue that the plaintiff should not receive fees for the work done because the motion was "ill-advised, wasteful and not grounded in law or fact." (Docket # 57 at 13.) I disagree; the plaintiff cited relevant Seventh Circuit case law that suggests courts consider employing Fed. R. Evid. 706 to appoint a neutral expert in FDCPA cases. *See DeKoven v. Plaza Assocs.*, 599 F.3d 578, 583 (7th Cir. 2010). Beach's motion, though perhaps not customary in an FDCPA action, has a basis in case law and is not frivolous. However, as with the motion for summary judgment, two of the entries pertaining to the preparation of briefing for the motion to appoint an expert contain multiple tasks in a single entry. Those entries for May 8, 2013 and May 30, 2013 for $400.00 will be deducted from the fee award.

---

[2] The Court has deducted the fees billed on the following dates: December 10, 2012; December 19, 2012 (first entry); December 24, 2012; December 26, 2012 (both entries); December 27, 2012 (second entry); December 28, 2012 (both entries); January 23, 2013 (first entry); and February 5, 2013 (fifth entry).

Additionally, the defendants also point out that the ledger contains several entries that are duplicative. The lodestar may be reduced if fees are duplicative. *Herzog v. City of Watertown*, No. 07-CV-213-JCS, 2008 WL 1968325, *1 (W.D. Wis. Apr. 21, 2008) (citing *Hensley*, 461 U.S. at 43.) The defendants point to ten particular instances where they believe the attorney has duplicative entries. (*See* Docket # 57 at 17.) However, much of the case law concerning duplicative fees has to do with multiple attorneys each performing the same task. *See Schlacher v. Law Offices of Phillip J. Rotchie & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009); *see also Heat & Frost Insulators Local 127 Health Fund v. U.P. Insulation, Inc.*, No. 07-C-0092, 2008 WL 111336 (E.D. Wis. Jan. 9, 2008). As has been stated previously, the nature of the inquiry is whether the fees were reasonable. In reviewing the alleged duplicative entries, I find that the repetition of particular tasks was not unreasonable in the present case. For example, though it is listed three times—on November 30, 2012, December 14, 2012, and December 18, 2012—the task of reviewing a defendant's motion for summary judgment on multiple occasions is not inherently unreasonable. This is not a case where multiple attorneys, or even one attorney, repeated the same task inefficiently or unreasonably. Therefore, I will not reduce the fee award on the basis that some entries describe the same activity.

The defendants also argue that the plaintiff is seeking fees for purely administrative tasks. (Docket # 57 at 15-16.) The defendants point to 12 different entries they believe constitute administrative tasks. (*Id.* at 16.) I agree that requesting fees for certain administrative tasks is unreasonable. And as the defendants point out, the Seventh Circuit and this District have recognized that certain tasks, such as updating a case list or calendar, *Spregon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999), opening a file, make entries in the system, creating a client file, checking filing information, preparing correspondence to the process server, or updating the service

chart, *Walker v. United Financial Service*, No. 10-C-180, 2010 WL 4942008, *2 (E.D. Wis. Nov. 30, 2010), constitute administrative, clerical, or secretarial tasks for which the attorney is not entitled to fees. Each of the contested entries was performed by a paralegal. Upon reviewing the contested entries, I find that none of the contested entries contain tasks akin to those that have been identified as administrative or clerical. Therefore, I will not reduce the fee award on this basis.

Finally, the defendants also argue that the requested fees should be reduced by $84.46 for entries in the ledger that reflect "overhead costs." Particularly, the defendants state that $77.20 for photocopies, $5.70 for Pacer charges, and $1.56 for telephone costs should be deducted from the fee award. Of these only the telephone costs seem strictly "overhead" and will therefore be deducted from the final award fee.

   3.   *Overall Reasonableness of Award*

I have deducted a total of $10,440.06 from the requested fee award. The plaintiff's original request was $16,853.26. The resulting award, therefore, is $6,413.20. I find that the resulting award is reasonable given the complexity (or lack thereof), stakes, and outcome of the case. *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999 ) (explaining that "[t]he standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case"). This case was neither factually nor legally complex, nor did it present novel facts or legal issues. The complaint concerned account statements that were provided to the plaintiff when he requested proof of his debt. And although the plaintiff was successful, only one of eight of his claims was pled sufficiently to survive a motion for judgment on the pleadings. Therefore, the Court finds that the fee award of $6,413.20 is reasonable and appropriate.

**Deductions from Requested Fee Award of $16,853.26**

| Amount Deducted | Reason for Deduction | Balance of Award |
|---|---|---|
| $2,803.50 | Entries where attorney worked on summary judgment motion | $14,049.76 |
| $3,887.50 | Entries that contained multiple tasks/block billing | $10,162.26 |
| $3,347.50 | Additional entries that contained multiple tasks/block billing | $6,814.76 |
| $400.00 | Entries pertaining to the motion for appointment of an expert that contained multiple tasks | $6,414.76 |
| $1.56 | Entries that contained overhead costs (telephone charges) | $6,413.20 **(final award)** |

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees is **GRANTED IN PART AND DENIED IN PART**. The plaintiff's attorney, Anthony Baer, is awarded fees in the amount of $6,413.20.

Dated at Milwaukee, Wisconsin this 15th day of November, 2013.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge